IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

    Plaintiff,

vs.

ANTHONY WAYNE ALLEN MANNOR,

    Defendant.

No. CIV 2:10-cv-3021-LKK-JFM

ORDER AND

FINDINGS & RECOMMENDATIONS

/

    Pending before the court is plaintiff's motion for default judgment against defendant Anthony Wayne Allen Mannor ("Mannor"), doing business as Finnegan's Pub & Grill in Stockton, CA. The court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this matter shall be vacated. Local Rule 230. Upon review of the motion and the supporting documents, and good cause appearing, the court finds as follows:

FACTUAL AND PROCEDURAL BACKGROUND

    On November 9, 2010, plaintiff, an international distributor of sports and entertainment programming, filed a complaint against defendant alleging that the latter unlawfully intercepted and exhibited a broadcast of a program featuring a welterweight championship boxing fight between Manny Pacquiao and Miguel Cotto ("Program") in his

1

establishment for commercial advantage without obtaining a sublicense from plaintiff for its use, in violation of the Communications Act, 47 U.S.C. § 605, the Cable Communications Policy Act, 47 U.S.C. § 553, and state law.  The complaint alleges defendant exhibited the Program on November 14, 2009.

Plaintiff brings this action pursuant to (1) a violation of 47 U.S.C. § 605 (Unauthorized Publication or Use of Communications) alleging that defendant knowingly intercepted, received, and exhibited the Program for purposes of direct or indirect commercial advantage or private financial gain; (2) a violation of 47 U.S.C. § 553 (Unauthorized Reception of Cable Services) based upon the same allegations; (3) a claim for conversion alleging that defendant tortiously obtained possession of the Program and wrongfully converted it for his own benefit; and (4) a violation of the California Business & Professions Code § 17200, et. seq.

Plaintiff seeks $100,000 in statutory damages as well as attorneys' fees and costs for Count I; $60,000 in statutory damages, as well as attorneys' fees and costs for Count II; compensatory damages, exemplary damages, and punitive damages for Count III; and restitution, declaratory relief, injunctive relief, and attorneys' fees for Count IV.

The summons and complaint were served on defendant by substituted service on December 18, 2010.[1]  See Doc. No. 5; Fed. R. Civ. P. 4(e)(2); Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendant has failed to file an answer or otherwise appear in this action. The clerk entered default against defendant on January 20, 2011.

Request for entry of default and the instant motion for default judgment and supporting papers were served by mail on defendant at his last known address.  Doc. No. 10. Defendant did not file an opposition to the motion for entry of default judgment.  Plaintiff seeks an entry of default judgment in the amount of $112,200 against defendant.

---

[1] The summons and complaint were signed for by the "person in charge" at Finnegan's Pub & Grill, a woman at the establishment who refused to identify herself.  See Doc. No. 5.

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. <u>Geddes v. United Financial Group</u>, 559 F.2d 557 (9th Cir. 1977). The court finds the well-pleaded allegations of the complaint state claims for which relief can be granted. <u>Anderson v. Air West</u>, 542 F.2d 1090, 1093 (9th Cir. 1976).

The complaint requests, in the event of default, an award of damages pursuant to 47 U.S.C. § 605 et seq. ("The Communications Act" or "the Act") and 47 U.S.C. § 553, et seq. ("The Cable Communications Policy Act"), as well as compensatory and punitive damages for conversion, and restitution for violation of Cal. Bus. & Prof. Code § 17200, et seq. Compl. at 3-10. The instant motion for default judgment requests damages pursuant to 47 U.S.C. § 605 in the amount of $10,000 in statutory damages, $100,000 in enhanced statutory damages, and $2,200 in compensatory damages for conversion.[2]

2.      <u>47 U.S.C. § 605 et seq.</u>

Section 605 prohibits the unauthorized publication or use of communications such as the Program. Section 605(e)(3)(A) also provides for a private civil action for a violation of 605(a). <u>National Subscription Television v. S & H TV</u>, 644 F.2d 820, 821 n.1 (9th Cir. 1981). Plaintiffs may request that courts award actual or statutory damages between $1,000 and $10,000 for each violation of section 605. 47 U.S.C. § 605(e)(3)(C)(i). The Act also provides for an enhanced damage award of up to $100,000 when "a violation was committed willfully and for purposes of direct or indirect commercial advantage or financial gain." 47 U.S.C. § 605(e)(3)(C)(ii).

The court deems defaulting defendant, by his failure to appear or defend this action, to have waived any objections to the statutory source of the damages prayed for in the instant motion. The memorandum of points and authorities and affidavits filed in support of the

---

[2] Because plaintiff has eliminated his request for damages under § 553, restitution under state law, and attorney's fees, these damages will not be addressed.

motion for entry of default judgment supports the finding that plaintiff is entitled to the relief requested. There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

One of the factors the court is free to consider in exercising its discretion to grant or deny default judgment is the sum of money at stake. See J & J Sports Productions, Inc. v. Betancourt, 2009 WL 3416431, at *3 (S.D. Cal. Oct. 20, 2009). The allegations in a complaint regarding the monetary amount of damages that should be granted in a default judgment are not controlling, and "the mere assertion that defendants acted willfully is insufficient to justify enhanced damages." Kingvision Pay-Per-View Ltd. v. Backman, 102 F. Supp. 1196, 1198 (N.D. Cal. 2000). Courts that have awarded enhanced damage awards due to willful violations of the Communications Act have cited such factors as the repeated violation of the Act, the intent to profit from the violations and actual profit derived from the violation. Id. at 1197-98.

In reviewing the facts of this case, this court recommends that plaintiff's request for the statutory maximum pursuant to 47 U.S.C. § 605(e)(3)(C)(i) and request for enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) be denied. In doing so, the court has considered that the Program was shown on six television sets to an audience of approximately 43 people (within an establishment with a 100-person capacity). See Haverty Aff. Also in consideration were the fact that defendant did not impose a cover charge, and plaintiff has not shown prior violations or any other evidence of wilfulness. As such, it appears the violation likely had a minimal impact. "Courts in this district have considered several cases involving pirating of closed-circuit sports broadcasts and, absent a showing of egregious wrongdoing, generally have awarded damages slightly over the statutory minimum." Universal Sports Network v. Jimenez, 2002 WL 31109707, at *1 (N.D. Cal. Sept.18, 2002). This court therefore will recommend statutory damages under section 605 in the amount of $3,200.00. The court does not find that enhanced damages are warranted.

/////

2. <u>Conversion</u>

Plaintiff also seeks $2,200.00 in damages for conversion under California Civil Code § 3336. Because the undersigned finds that plaintiff has been sufficiently compensated through the federal statutory scheme, the court recommends that plaintiff's request for damages for conversion be denied.

Accordingly, IT IS HEREBY ORDERED that the March 31, 2011 hearing on this matter be vacated; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment be granted; and

2. Damages in the amount of $3,200.00 be fixed pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 25, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;j&j3021.mdj